UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LEE GUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>PHH MORTGAGE CORPORATION,<br><br>    Defendant. | Case No. 24-cv-02917-HSG<br><br>**ORDER DENYING EX PARTE APPLICATION**<br><br>Re: Dkt. No. 20 |

Pending before the Court is Plaintiff's *ex parte* application for a temporary restraining order ("TRO") and preliminary injunction. Dkt. No. 20. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **DENIES** the application.

### I.  BACKGROUND

In May 2024, Plaintiff Brandon Gustin filed his complaint against Defendant PHH Mortgage Corporation. *See* Dkt. No. 1 ("Compl.") at 3. According to Plaintiff, he and his wife signed a promissory note with IndyMac Bank for $338,000 in 2006 for their residential property located at 11 Benita Way in Martinez, California ("the Property"). *Id.* at 6. Plaintiff alleges that the Property "was wrongfully foreclosed and sold." Dkt. No. 20 at 4. Plaintiff's complaint brings claims against Defendant challenging the assignment of the loan under the Uniform Commercial Code and for wrongful foreclosure. Compl. at 6, 11, 13, 14. Plaintiff acknowledges that Defendant is the current servicer of the loan, not a trustee or beneficiary. *Id.* at 6.

Defendant filed a motion to dismiss. *See* Dkt. No. 4. After Plaintiff failed to timely oppose or otherwise respond to the motion, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. *See* Dkt. No 17.

1  On October 23, 2024, Plaintiff timely responded to the order to show cause and also filed an ex parte application seeking to temporarily enjoin the execution of an unlawful detainer order entered against Plaintiff on June 25, 2024.  *See* Dkt. No. 18.  The requested TRO would stay the execution of a writ of possession on the Property apparently scheduled for October 31, 2024.  *See* Dkt. No. 18 at 4.  Plaintiff's original TRO application sought a stay until November 25, 2024.  *See id*. at 5.  Plaintiff then filed an amended ex parte application requesting a stay of the writ of possession until the "current litigation for wrongful foreclosure is resolved."  *See* Dkt. No. 20 at 4.  The Court directed Defendant to file any opposition to Plaintiff's amended ex parte application by October 29, 2024.  Dkt. No. 22.  Defendant timely filed its opposition.  Dkt. No. 23.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, a temporary restraining order may enjoin conduct pending a hearing on a preliminary injunction.  *See* Fed. R. Civ. P. 65(b).  The standard for issuing a temporary restraining order and issuing a preliminary injunction are substantially identical.  *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839, n.7 (9th Cir. 2001).  A plaintiff seeking preliminary relief must establish: (1) that it is likely to succeed on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest.  *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).  Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Id.* at 22.  A court must find that "a certain threshold showing" is made on each of the four required elements.  *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).  Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious questions going to the merits" if "a hardship balance [also] tips sharply towards the [movant]," and "so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

//

//

### III. DISCUSSION

Plaintiff argues that he will suffer irreparable harm if he and his family are evicted from the Property. *See* Dkt. No. 20 at 4. While the Court acknowledges the inherent disruption that will result from the imminent sheriff's lockout, Plaintiff's ex parte application nonetheless fails because he has not shown a likelihood of success, or even "serious questions" going to the merits, as to the relief he seeks. The Court lacks jurisdiction to award such relief under the *Rooker-Feldman* doctrine. The doctrine "bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). It applies unless Congress has granted federal district courts statutory authority to review certain state court judgments. *See id.* The Ninth Circuit has interpreted *Rooker-Feldman* to bar jurisdiction "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

In seeking a stay of the writ of possession ordered as to the Property, Plaintiff's ex parte application asks the Court to restrain state officers from carrying out a state court judgment. *See* Dkt. No. 20 at 2 (citing California Code of Civil Procedure § 918 for the premise that "[t]he court, or any judge thereof, may stay the execution of any judgment"). But under *Rooker-Feldman*, these state law principles do not apply to a federal district court. As Plaintiff acknowledges, his home was "foreclosed and sold" in May 2024, and in June 2024, a state court entered an order "for restitution and possession" of the Property to the new owner. *See id.* at 4. Even assuming without deciding that the foreclosure sale itself was unlawful and should be set aside as Plaintiff argues, "the requested temporary restraining order in this case would, if granted, invalidate the judgment in the unlawful detainer proceeding." *See Tagoia v. Wells Fargo Bank, N.A.*, No. 17-CV-06777-YGR, 2018 WL 1156836, at *3 (N.D. Cal. Mar. 5, 2018). Accordingly, the Court has no jurisdiction to review or invalidate the state court's judgment.

**IV.   CONCLUSION**

Because it is not possible for the Court to award the relief Plaintiff seeks in his ex parte application, Plaintiff "fails to show a likelihood of success on the merits—or even a serious question" as to that issue. *See Greene v. U.S. Bank, N.A. as Tr. for Truman 2016 SC6 Title Tr.*, No. 19-CV-07448-RS, 2020 WL 1308344, at *3 (N.D. Cal. Jan. 10, 2020). As such, the Court **DENIES** Plaintiff's ex parte application, Dkt. No. 20.

**IT IS SO ORDERED.**

Dated:  October 29, 2024

HAYWOOD S. GILLIAM, JR.
United States District Judge