UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LEE GUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>PHH MORTGAGE CORPORATION,<br><br>    Defendant. | Case No. 24-cv-02917-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 4 |

Before the Court is Defendant PHH Mortgage Corporation's motion to dismiss, Dkt. No. 4. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS** the motion.

I. **BACKGROUND**

Plaintiff Brandon Gustin filed his complaint against Defendant PHH Mortgage Corporation in May 2024. *See* Dkt. No. 1 ("Compl.") at 3. Plaintiff and his wife signed a promissory note with IndyMac Bank for $338,000 in 2006 for their residential property located at 11 Benita Way in Martinez, California ("the Property"). *Id.* at 6. In 2011, an assignment of the deed of trust to Deutsche Bank National Trust Company ("Deutsche Bank") was recorded in Contra Costa County. *See* RJN, Ex. C; Dkt. No. 21 at 36.[1] Plaintiff alleges that during the

---

[1] The Court **GRANTS** Defendant's request to judicially notice several real estate instruments regarding the Property, Dkt. No. 5 ("RJN"), as these publicly-recorded documents are not subject to reasonable dispute. *See Diamond Real Est. v. Am. Brokers Conduit*, No. 16-CV-03937-HSG, 2017 WL 412527, at *2 (N.D. Cal. Jan. 31, 2017). Plaintiff does not appear to oppose the request. The Court clarifies that it takes judicial notice of the documents themselves, not the facts within them. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (holding that a court may "take judicial notice of matters of public record" but "cannot take judicial notice of disputed facts contained in such public records").

coronavirus pandemic, he fell behind on his mortgage payments, Dkt. No. 21 at 4, and eventually the Property "was wrongfully foreclosed and sold." Dkt. No. 20 at 4. Plaintiff then sued Defendant, the servicer of his loan. Compl. at 6. The complaint challenges the assignment of the loan under Uniform Commercial Code ("UCC") provisions §§ 7-501(a) and 9-514(c) (improper assignment); § 3-305(3) (recoupment and disgorgement of wrongful gains); and § 3-420 (conversion). Compl. at 6, 11, 13. Plaintiff also brings a claim for wrongful foreclosure and seeks a declaration quieting title to the Property. *Id.* at 14, 17.

Defendant filed a motion to dismiss. *See* Dkt. No. 4. After Plaintiff failed to timely oppose or otherwise respond to the motion, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. *See* Dkt. No 17. In October 2024, Plaintiff timely responded to the order to show cause and also filed an ex parte application seeking to temporarily enjoin the execution of an unlawful detainer order entered against Plaintiff on June 25, 2024. *See* Dkt. No. 18. The TRO sought to stay the execution of a writ of possession on the Property allegedly scheduled for October 31, 2024. *See* Dkt. No. 18 at 4. The Court denied Plaintiff's ex parte application because it did not have jurisdiction to review or invalidate the state court's unlawful detainer order. *See* Dkt. No. at 24 at 3. Plaintiff then filed an "affidavit of fact" purporting to add several new defendants to his complaint. *See* Dkt. No. 26.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible

when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

### III.     DISCUSSION

Defendant argues that Plaintiff's claims under the UCC challenging the validity of the assignment of his loan should be dismissed because as a borrower, Plaintiff lacks standing to bring such a claim, and because the assignment was not invalid. *See* Dkt. No. 4 at 14. But as a threshold matter, Plaintiff's UCC claims fail out of the gate because the UCC does not apply to non-judicial foreclosures and does not provide a private right of action. *See Debrunner v. Deutsche Bank Nat'l Tr. Co.*, 204 Cal. App. 4th 433, 440 (2012) (holding that plaintiff challenging assignment of deed of trust could not rely on the UCC because "[t]he comprehensive statutory framework established in [the California Civil Code] to govern nonjudicial foreclosure sales is intended to be exhaustive"). Plaintiff's UCC claims are therefore **DISMISSED** with prejudice.[2]

Defendant also argues that Plaintiff has not sufficiently pled his wrongful foreclosure claim. *See* Dkt. No. 4 at 17. The Court agrees. Under California law, a wrongful foreclosure claim includes the following elements: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the

---

[2] The Court agrees that Plaintiff also lacks standing to challenge the assignment under New York law, as an allegedly defective assignment is not void as a matter of law, but merely voidable by the beneficiary of the trust (and not a borrower). *See Brewer v. Wells Fargo Bank, N.A.*, No. 16-CV-02664-HSG, 2017 WL 1315579, at *3 (N.D. Cal. Apr. 6, 2017); *Patel v. U.S. Bank, N.A.*, No. 13-CV-00748-SK, 2016 WL 4013861, at *2 (N.D. Cal. July 27, 2016).

3

trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *See Diamond Real Est.*, 2017 WL 412527, at *7 (citing *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011)). The Court's understanding of Plaintiff's wrongful foreclosure theory is that the foreclosure was unlawful because "the foreclosing Defendant" did not produce evidence of a proper assignment of the loan or "the original 'wet ink signature' note to prove that they are in fact the party authorized to conduct the foreclosure." *See* Compl. at 14–15. However, California courts have held that a foreclosing beneficiary need not "produce its papers to show that it is the proper foreclosing entity prior to initiating foreclosure proceedings." *See Brewer*, 2017 WL 1315579, at *4 (citing cases). Further, Plaintiff has not plausibly alleged that he tendered the debt he owes on the Property or that he is exempt from paying the debt, which he must do to prevail on the claim. *See Diamond Real Est.*, 2017 WL 412527, at *8. Accordingly, Plaintiff's wrongful foreclosure claim is **DISMISSED**.

Finally, Plaintiff's claim for quiet title fails because the Property has already been foreclosed upon and sold, as Plaintiff alleges and acknowledges. *See* Dkt. No. 20 at 4; *Diamond Real Est.*, 2017 WL 412527, at *8. And even if a quiet title claim was available under these circumstances, Plaintiff has not plausibly alleged that he has tendered his debt, which is also a required element of a quiet title claim under California law. *See id.*; *see also Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477–78 (1974) (holding party cannot clear title "without discharging his debt"). Plaintiff's quiet title claim is thus **DISMISSED** with prejudice.

## IV. CONCLUSION

The Court **GRANTS** Defendant's motion to dismiss, Dkt. No. 4. The Court **DISMISSES** Plaintiff's UCC claims (Counts I, II, and III) and quiet title claim with prejudice. For clarity, the Court confirms this means that these claims are not viable and cannot be amended.

The Court **DISMISSES** Plaintiff's wrongful foreclosure claim (Count IV) without prejudice. This means that the Court is allowing Plaintiff to amend his complaint to present a plausible claim. As discussed, Plaintiff must plead facts that plausibly show that he has met all of the requirements of this claim, which includes alleging with supporting facts that he paid the full amount owed on his loan or that he was excused from paying it.

4

Plaintiff has indicated that he intends to add several defendants to his complaint.[3] The Court advises Plaintiff that he must amend his complaint to add any new defendants, and must clearly state how each defendant (as opposed to "defendants" generally) violated his legal rights. Further, Plaintiff may not rely on incorporating prior allegations and or formulaically reciting the elements of a claim. **The Court ORDERS that any amended complaint must be filed within 35 days of this order, by Tuesday, December 24.**

The Court further advises Plaintiff, who is representing himself, that he can seek assistance at the Legal Help Center if he desires assistance complying with this order. The Legal Help Center provides free information and limited-scope legal assistance to pro se litigants. More information about the Legal Help Center is provided at http://www.cand.uscourts.gov/legal-help. Telephone appointments may be scheduled either over the phone at (415) 782-8982 or by email at FedPro@sfbar.org.

**IT IS SO ORDERED.**

Dated: 11/19/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] Here, the Court is referring to Plaintiff's "Notice of Motion to File Supplemental Crossclaim." *See* Dkt. No. 26. The Court clarifies that a "crossclaim" is a claim by one party against another party on the same side of the lawsuit, also called a "coparty." *See* Fed. R. Civ. P. 13(g). But here, Plaintiff does not have any coparty, and therefore there are no crossclaims. If Plaintiff wishes to bring claims against any new defendants, he must do so by amending his complaint with the Court's permission under Rule 15 of the Federal Rules of Civil Procedure.