UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LEE GUSTIN,<br>Plaintiff,<br>v.<br>PHH MORTGAGE CORPORATION,<br>Defendant. | Case No. 24-cv-02917-HSG<br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

On November 19, 2024, the Court granted Defendant PHH Mortgage Corporation's motion to dismiss pro se Plaintiff Brandon Gustin's complaint. Dkt. No. 28. The Court granted Plaintiff leave to amend his complaint by December 24, 2024. *Id*. at 5. Plaintiff failed to file an amended complaint. On January 27, 2024, the Court ordered Plaintiff to show cause by February 10, 2025, why the case should not be dismissed for failure to prosecute. Dkt. No. 29. Plaintiff failed to respond by the deadline and has not filed any response as of the date of this order. For the reasons set forth below, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**I.   BACKGROUND**

Plaintiff filed his complaint against Defendant PHH Mortgage Corporation in May 2024. *See* Dkt. No. 1 ("Compl.") at 3. Plaintiff and his wife signed a promissory note with IndyMac Bank for $338,000 in 2006 for their residential property located at 11 Benita Way in Martinez, California ("the Property"). *Id.* at 6. In 2011, an assignment of the deed of trust to Deutsche Bank National Trust Company ("Deutsche Bank") was recorded in Contra Costa County. *See* Dkt. No. 5, Ex. C; Dkt. No. 21 at 36. Plaintiff alleges that during the coronavirus pandemic, he fell behind on his mortgage payments, Dkt. No. 21 at 4, and eventually the Property "was wrongfully

1 foreclosed and sold." Dkt. No. 20 at 4.  Plaintiff then sued Defendant, the servicer of his loan.

2 Compl. at 6.  The complaint challenges the assignment of the loan under Uniform Commercial

3 Code ("UCC") provisions §§ 7-501(a) and 9-514(c) (improper assignment); § 3-305(3)

4 (recoupment and disgorgement of wrongful gains); and § 3-420 (conversion).  Compl. at 6, 11, 13.

5 Plaintiff also brings a claim for wrongful foreclosure and seeks a declaration quieting title to the

6 Property.  *Id.* at 14, 17.

7 Defendant filed a motion to dismiss.  *See* Dkt. No. 4.  After Plaintiff failed to timely

8 oppose or otherwise respond to the motion, the Court ordered Plaintiff to show cause why the case

9 should not be dismissed for failure to prosecute.  *See* Dkt. No 17.  In October 2024, Plaintiff

10 timely responded to the order to show cause and also filed an ex parte application seeking to

11 temporarily enjoin the execution of an unlawful detainer order entered against Plaintiff on June 25,

12 2024.  *See* Dkt. No. 18.  The TRO sought to stay the execution of a writ of possession on the

13 Property allegedly scheduled for October 31, 2024.  *See* Dkt. No. 18 at 4.  The Court denied

14 Plaintiff's ex parte application because it did not have jurisdiction to review or invalidate the state

15 court's unlawful detainer order.  *See* Dkt. No. at 24 at 3.  On October 30, 2024, Plaintiff filed an

16 "affidavit of fact" purporting to add several new defendants to his complaint.  *See* Dkt. No. 26.

17 As discussed above, the Court granted Defendant's motion to dismiss Plaintiff's complaint,

18 with leave to amend by December 24, 2024.  Dkt. No. 28.  The Court also issued an order to show

19 cause on January 27, 2024.  Dkt. No. 29.  Plaintiff did not file an amended complaint or respond to

20 the order to show cause, and has not communicated with the Court in any way since his October

21 30, 2024, filing.

## II.  DISCUSSION

23 The district court may dismiss a case for failure to prosecute or for failure to comply with a

24 court order.  *See* Fed. R. Civ. P. 41(b).  "The authority of a court to dismiss sua sponte for lack of

25 prosecution has generally been considered an 'inherent power,' governed not by rule or statute but

26 by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly

27 and expeditious disposition of cases."  *Link v. Wabash R. Co.,* 370 U.S. 626, 630–31 (1962).

28 "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in

extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order says otherwise).

Courts "must weigh five factors" in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See Ferdik,* 963 F.2d at 1260–61. Here, the Court considers each factor in turn, and finds that dismissal is warranted here.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). That is true here. Plaintiff failed to file an amended pleading or respond to the Court's order to show cause. *See* Dkt. Nos. 28, 29. The Court is satisfied that Plaintiff's lack of responsiveness contravenes the "public's interest in expeditious resolution of litigation." *See id.* This factor therefore weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1261). Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id*. Here, Plaintiff has demonstrated such "routine noncompliance" by failing to amend his pleading or respond to the Court's order by the deadlines set (or ever). This non-compliance has "consumed some of the court's time that could have been devoted to other cases on the docket." *Id.* This factor also weighs in favor of dismissal.

Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131

3

(citation omitted). In *Malone*, which involved a Rule 41(b) dismissal for failure to comply with a court order, the district court found the plaintiff's excuse for her failure to comply with the order to be "groundless," justifying dismissal. *Id*. And in *Yourish,* which also involved plaintiffs who failed to obey a court order, the court concluded the defendants had suffered "sufficient prejudice" where the plaintiffs had only a "paltry excuse" for why they failed to timely amend their complaint. 191 F.3d at 991–92. Here, Plaintiff has failed to timely amend his complaint and obey a Court order, and he has not provided *any* excuse for his noncompliance. This factor therefore weighs in favor of dismissal.

Fourth, the Court has attempted to avail itself of less drastic alternatives that have proven ineffective in advancing the case. The Court first allowed Plaintiff an additional four weeks to amend his complaint. *See* Dkt. No. 28. The Court then entered an order to show cause, expressly warning Plaintiff that his case was at risk of dismissal for failure to prosecute and giving him an additional two weeks to rectify the issue. *See* Dkt. No. 29; *Ferdik*, 963 F.2d at 1262 (holding that warning a party that his failure to obey the court's order will result in dismissal can satisfy the "consideration of alternatives" requirement). This factor therefore weighs in favor of dismissal.

Lastly, while "[p]ublic policy favors disposition of cases on the merits," such that "this factor weighs against dismissal," Plaintiff is not precluded from litigating these claims when he is prepared to do so in compliance with Court orders. *See Pagtalunan*, 291 F.3d at 643.

### III.  CONCLUSION

Having carefully considered all five factors, and having found that four of the five weigh in favor of dismissal, the Court concludes that dismissal for failure to prosecute is appropriate. The Court thus **DISMISSES** this case under Fed. R. Civ. P. 41(b). The Clerk shall enter judgment in favor of Defendant and close the case.

**IT IS SO ORDERED.**

Dated:   4/1/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge